UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BACHMAN SUNNY HILL FRUIT FARMS, INC.,

    Petitioner,

v.

PRO AG MANAGEMENT, INC., d/b/a PRODUCERS AGRICULTURE INSURANCE COMPANY,

    Respondent.

Case No. xx-cv-xxxxx

Hon.

---

## PETITION TO NULLIFY ARBITRATION AWARD

Petitioner, Bachman Sunny Hill Fruit Farms, Inc., by its attorney, John D. Tallman, for its petition against Respondent, Pro Ag Management, Inc., d/b/a Producers Agriculture Insurance Company, states as follows:

### JURISDICTION

1. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. The parties reside in different states and the amount in controversy exceeds $75,000. Petitioner brings its claims pursuant to the Federal Crop Insurance Act, 7 U.S.C. § 1501, *et seq.*; 7 C.F.R. § 457.8, ¶ 20.

### VENUE

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this claim occurred within this judicial district.

### PARTIES

3. Bachman Sunny Hill Fruit Farm, Inc. is an Ohio corporation.

1

4. Pro Ag Management, Inc. (Pro Ag) is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Texas. Pro Ag is engaged in the business of issuing federally reinsured crop insurance, which is subject to the Federal Crop Insurance Act (FCIA), 7 U.S.C. § 1501, *et seq.*, and to applicable federal rules and regulations related thereto, including those found in Chapter IV of Title 7 of the Code of Federal Regulations.

## FACTS AND LAW

5. Gregg Bachman grows apples and other crops as Bachman Sunny Hill Fruit Farms, Inc. (Bachman). Mr. Bachman has farmed in Fairfield County, Ohio all his life. For many years prior to 2017, Mr. Bachman insured his apple crop with Pro Ag pursuant to the terms of the Common Crop Insurance Policy (CCIP) and the Apple Crop Insurance Provisions (ACIP). **Exhibit A**, 2017 Common Crop Insurance Policy (17-br); **Exhibit B**, 2011 Apple Crop Insurance Provisions (11-0054). Both the CCIP and ACIP are issued by the Federal Crop Insurance Corporation (FCIC) under the authority of the Federal Crop Insurance Act. The CCIP is published at 7 C.F.R. § 457.8, and the ACIP is published at 7 C.F.R. § 457.158.

6. Bachman entered into an insurance agreement with Pro Ag to insure apples for the 2017 crop year. Bachman paid an additional premium to add additional coverage – denoted in the ACIP as "Optional Coverage for Fresh Fruit Quality Adjustment," and described hereinafter as "Fresh Fruit coverage" – by which Pro Ag agreed to insure Bachman's apple crop not only against a decrease in quantity, but also a decrease in quality. *See* **Exhibit B**, ACIP, § 14.

7. The insurance agreement incorporates the Loss Adjustment Manual Standards Handbook ("LAM") ( excerpts attached as **Exhibit C**) and the Apple Loss Adjustment Standards Handbook ("LASH") (excerpts attached as **Exhibit D**).

8. In July 2017, hail damaged Bachman's apple crop. Hail is a covered cause of loss under the CCIP and ACIP. Bachman properly submitted a notice of loss to Pro Ag. After the notice of loss was filed, Pro Ag's adjuster, Dustin Converse, went to Bachman's farm and appraised the damage to the crop.

9. The LASH requires an insurer to inform the insured that the insured has a right to an independent appraisal of the crop (**Exhibit D**, ¶ 22(E).); however, Pro Ag's adjuster, Mr. Converse, did not inform Bachman of its right to an independent appraisal.

10. The insured is entitled to make a management decision following an insured loss regarding whether to harvest his apples, and if so, whether to sell all the apples – damaged and undamaged alike – for juice or to "pack out" the apples, a costly process which involves harvesting, sorting, grading, washing, waxing, and packing the apples. The LAM directs the insurer as follows: "Do not advise the insured whether or not to harvest the crop." **Exhibit C**, § 921(A)(5); however, Pro Ag's claims adjuster, Mr. Converse, directed Bachman to "pack out" its crop.

11. Bachman submitted a claim for indemnity under the policy, of which only a small portion was recognized and paid by Pro Ag.

12. Bachman then timely initiated arbitration proceedings pursuant to section 20 of the CCIP, an arbitration hearing was held on February 4 and 5, 2020 before arbitrator Scott Brinkmeyer, and on March 26, 2020, the arbitrator entered an award denying Bachman's claims in their entirety. **Exhibit E**, Arbitration Award.

13. The CCIP mandates arbitration of fact disputes at Section 20. Section 20(a)(1) provides that, "[h]owever, if the dispute [to be arbitrated] in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC." **Exhibit A**, § 20(a)(1). The CCIP goes on to specify that "**failure to obtain any required interpretation from FCIC will result in the nullification of any agreement or award**." **Exhibit A**, § 20(a)(1)(ii) (emphasis added).

14. The regulations found at 7 C.F.R. part 400, subpart X state, in pertinent part, "[I]f during the mediation, arbitration, or litigation proceeding, an issue arises that requires a final agency determination or FCIC interpretation the mediator, arbitrator, judge, or magistrate must promptly request a final agency determination or FCIC interpretation in accordance with § 400.767(a)." 7 C.F.R. § 400.767(b)(3)(iii).

15. Despite this clear mandate, the arbitrator improperly, without legal authority, and in contravention of § 20(a)(1) of the CCIP and 7 C.F.R. § 400.767, independently found that the LAM and the LASH are not part of the insurance contract and are not binding on the parties: ". . . but to the extent that Bachman asserts that those [LAM & LASH] are part of the contract terms and binding upon both parties, [Bachman] is incorrect" and "[a]s stated above the LAM is not a part of the insurance contract and any failure to comply with its provisions would not constitute a breach of contract" **Exhibit E**, Arbitration Award, at 6-7.

16. Neither party requested an interpretation from the FCIC prior to the arbitration award being rendered, as it was not anticipated that this dispute would arise.

4

Neither did the arbitrator request an FCIC interpretation, despite his duty to do so under 7 C.F.R. § 457.767(b)(3)(iii).

17. After the award was rendered, a request for a final agency determination (FAD) was made in accordance with FAD-230. In the resulting FAD, the FCIC stated,

> **[P]rocedures established by FCIC in the LAM and the Apple LASH are part of the contract between the AIP and the policyholder.** The definitions of "contract" and "policy" contained in the Basic Provisions and referenced in the preamble are an agreement between the policyholder and the AIP. As stated in FAD-249, published on RMA's website on December 2, 2015, the preamble and section 14(i) of the Basic Provisions are codified in the Code of Federal Regulations and have the force of law. The AIP must service a crop policy, including the adjustment of claims arising thereunder, in accordance with the terms of the Basic Provisions, Crop Provisions, and the procedural guidance promulgated by the FCIC.

**Exhibit F**, FAD-298, issued August 4, 2020 (available at <https://www.rma.usda.gov/en/Policy-and-Procedure/Final-Agency-Determinations/Preamble-14i-FAD-298>).

18. The arbitrator's erroneous interpretation of the insurance contract that led to the arbitration award for Pro Ag was contrary to the CCIP and the regulations, as well as FAD-298. Not only did the arbitrator violate the proscription against interpreting the contract, his interpretation was wrong.

19. The CCIP provides that the parties "have the right to judicial review of any decision rendered in arbitration." **Exhibit A**, § 20(c).

WHEREFORE, in accordance with section 20(a)(1)(ii) of the CCIP, FAD-230, and FAD-298, Petitioner asks the Court to enforce the contract by nullifying the arbitration award of March 26, 2020 and to award to Bachman the costs, interest, and attorney fees associated with obtaining this Order.

Respectfully submitted,

JOHN D. TALLMAN, PLC
Attorneys for Petitioner

Dated: November 17, 2020    BY: _____
John D. Tallman (P32312)
jtallmanlaw@gmail.com
4020 East Beltline Avenue N.E. – Suite 101
Grand Rapids, MI 49525
(616) 361-8850